1  BRIAN R. STRANGE (SBN 103252)
   *lacounsel@earthlink.net*
2  GRETCHEN CARPENTER (SBN 180525)
   *gcarpenter@strangeandcarpenter.com*
3  STRANGE & CARPENTER
   12100 Wilshire Blvd., Suite 1900
4  Los Angeles, CA 90025
   Telephone:    310-207-5055
5  Fax:          310-826-3210

6  Attorneys for Plaintiff

7

8

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11  PHILIP STERKER, on behalf of himself and      Case
    all others similarly situated,

12                                                 **COMPLAINT FOR VIOLATION OF**
                 Plaintiff,                        **CONSUMER PROTECTION STATUTES**
13
    vs.                                            **CLASS ACTION**
14
    APPLE, INC.; AT&T MOBILITY, L.L.C.,            **DEMAND FOR JURY TRIAL**
15  and DOES 1-10,

16               Defendants.

17

18

19

20

21

22        COMES NOW Plaintiff, by and through his undersigned counsel, on behalf of himself

23  and all others similarly situated, and for his complaint against Defendants, on information and

24  belief, states as follows:

25                        **NATURE OF THE CASE**

26        1.    Plaintiff, on behalf of himself and all others similarly situated, brings this case as

27  a Class Action on behalf of all purchasers of iPhone 3G and/or 3G-S from either Apple, Inc. or

28  AT&T Mobility, LLC, as further defined herein. Apple, Inc., in the marketing and sale of its

                                    1
                     Complaint; Demand for Jury Trial

1   iPhone 3G and 3G-S mobile phones from its California headquarters, has engaged in conduct

2   which is likely to mislead and has misled or deceived the public through (1) omission,

3   suppression and concealment from the public of material facts related to the iPhone 3G and 3G-S

4   mobile phones' MMS features, and (2) making and disseminating and/or causing to made or

5   disseminated untrue and/or misleading statements which were known or which by the exercise of

6   reasonable care should have been known to be untrue or misleading. AT&T Mobility, LLC, in

7   the marketing and sale of (a) iPhone 3G and 3G-S mobile phones, and (b) the marketing and sale

8   of messaging bundles as part of the iPhone service plans, has engaged in conduct which is likely

9   to mislead and has misled or deceived the public through (1) omission, suppression and

10  concealment from the public of material facts related to the iPhone 3G and 3G-S mobile phones'

11  MMS features, and (2) making and disseminating and/or causing to made or disseminated untrue

12  and/or misleading statements which were known or which by the exercise of reasonable care

13  should have been known to be untrue or misleading.

14                          **JURISDICTION**

15          2.      Plaintiff Philip Sterker is a resident of San Mateo County, California and a citizen

16  of California. Plaintiff purchased an iPhone 3G-S from Defendant Apple, Inc. in Burlingame,

17  California in July of 2009. At the time he purchased his iPhone 3G-S, Plaintiff believed that he

18  would have MMS capability, particularly because he had observed Defendants' advertisements

19  touting MMS capability.

20          3.      Defendant AT&T Mobility, L.L.C. ("AT&T") is a Delaware limited liability

21  corporation with its principal place of business in Atlanta, Georgia. AT&T is a citizen of

22  Georgia and Delaware.

23          4.      Defendant Apple, Inc. ("Apple") is a California corporation with its principal

24  place of business in Cupertino, California. Apple is a citizen of California.

25          5.      The true names and capacities, whether individual, corporate, associate or

26  otherwise, of Defendant Does 1-10, inclusive, are unknown to Plaintiff, who therefore sues such

27  Defendants by such fictitious names. Plaintiff will amend this Complaint to show such

28  Defendants' true names or capacities when the same has been ascertained. Plaintiff is informed

1  and believes and thereon alleges that each of said fictitious named Defendants is responsible in
2  some manner for the occurrences herein alleged.

3  6.  The amount in controversy in this action, as defined by 28 U.S.C. § 1332(d)(6),
4  exceeds $5,000,000 exclusive of costs and interest.

5  7.  Apple and AT&T are residents of this judicial district as each has ongoing and
6  systematic contacts with residents of the Northern District of California. Defendants have at all
7  relevant times engaged in the manufacturing, distributing, marketing, promoting and selling of
8  iPhones and mobile phone services to residents of the U.S. and this judicial district.

9  **INTRA-DICTRICT ASSIGNMENT**

10  8.  Pursuant to Civil Local Rule 3-2(c), this case has been assigned to the San
11  Francisco/Oakland Division of this Court, as a substantial part of the events or omissions which
12  give rise to Plaintiff's claims occurred in San Mateo County.

13  **COMMON FACTS**

14  9.  The iPhone was developed through collaboration between Apple and AT&T and
15  is sold by both companies.

16  10.  Apple is a personal computing and digital media distribution company. Its
17  products include Mac computers, iPod digital music players, iTunes online music store, and
18  iPhone mobile phones. It generated $32 billion in revenue in fiscal 2008.

19  11.  AT&T is one of the largest mobile phone companies in the world, with roughly 80
20  million wireless subscribers and $124 billion in revenue in fiscal 2008.

21  12.  Apple and AT&T are both Fortune 100 companies.

22  13.  In October 2008, Apple CEO Steve Jobs announced that based on revenue, Apple
23  had become the third-largest mobile phone supplier in the world.

24  14.  The iPhone 3GS sold over one million units in its first three days on the market,
25  which included the best sales day in Apple history.

26  15.  From the introduction of the iPhone 3G in June of 2008 through June 27, 2009,
27  ten days after the iPhone 3G-S was launched, Apple has sold over 20 million iPhones.

28

3
Complaint; Demand for Jury Trial

1    16.    Since its creation, one flaw of the iPhone was that it did not allow "Multimedia
2  Messaging Service," or "MMS," which, among other things, allows users to send pictures to
3  another user's cell phone.

4    17.    MMS is similar to text messages in the way the data is transmitted from mobile
5  phone to mobile phone. AT&T, along with all other service providers, sells text and MMS
6  messaging in a "bundle" wherein messaging in both formats is offered for a fixed price each
7  month as part of the service agreement.

8    18.    Text messages and MMS differ in the size of the data and speed of data
9  transmission. The size of an MMS message can be much larger than a text message (e.g.,
10  hundreds of kilobytes as opposed to only 256 bytes). MMS picture messages take longer to send
11  and receive and because of the size of MMS messages, transmission of MMS is much more
12  costly for AT&T than transmission of text messages.

13    19.    While a typical mobile phone might be able to receive 20 SMS text messages per
14  minute, that same mobile phone may only be able to receive a single MMS picture message per
15  minute. Since the amount of data is greater, mobile operators - including AT&T - charge a
16  higher fee per message sent and received.

17    20.    In 2008, Apple represented in its advertising that the new version of iPhone, the
18  3G (and subsequently again with the even newer version, the 3G-S) would allow MMS. Apple's
19  print and video advertisements on television, the Internet, the radio, newspapers, and direct
20  mailers all explicitly represented the availability of MMS.

21    21.    AT&T also advertised that the iPhone 3G and 3G-S would allow MMS
22  Messaging.

23    22.    MMS functionality is material to the consumer and one of the reasons people
24  choose to buy or upgrade to an iPhone 3G or 3G-S.

25    23.    MMS has been available on other types of cell phones for many years. AT&T
26  offers and supports MMS on at least 12 other mobile phones sold both by AT&T and mobile
27  phone companies for use on the AT&T mobile network.

28    24.    After the 3G iPhone came out in July 2008, customers who purchased the 3G

4

Complaint; Demand for Jury Trial

1  iPhone began to realize that MMS Messaging was not available.

2         25.    At that time, AT&T published this in the AT&T Answer Center page of its

3  website for problems related to MMS:

4         Customers who are sent a MMS message and own a non-MMS capable device will
        receive a text message instead of an actual MMS message. The message will contain the

5         website address of www.viewmymessage.com/1 or www.viewmymessage.com/2 as well
        as a user name and password. To view the MMS message, please access the website

6         from a computer and enter the user name and password provided in the text message.

7         26.    AT&T was instructing customers interested in MMS to access a website from a

8  computer to view a message sent from one mobile phone to another mobile phone.

9         27.    In early 2009, both Apple and AT&T again represented that MMS would be

10  available on both the iPhone 3G and the 3G-S beginning on June 17, 2009, when the new iPhone

11  OS 3.0 Software Update would become available.

12         28.    In the spring of 2009, Apple and AT&T initiated a massive advertising campaign

13  to sell its older 3G models in preparation for the launch of 3G-S. AT&T and Apple lowered the

14  price of the least expensive iPhone 3G to $99 and represented to potential customers that the new

15  3.0 Software Upgrade would provide MMS support.

16         29.    Apple posted on its website, on the "iPhone OS 3.0 Software Update" page, that

17  MMS would be available, so that customers could "send MMS messages and include photos,

18  audio, and contact info. Even tap to snap a picture right inside Messages." A graphic showed

19  the iPhone text message bubbles with a picture inserted.

20         30.    Currently, a similar graphic appears on Apple's website touting the iPhone 3G and

21  its ability to "send photos, video, audio and more" with a mouseprint disclaimer indicating

22  "MMS Support from AT&T coming in late summer."

23

24

25

26

27

28

5

Complaint; Demand for Jury Trial

1



2

3

4

5

6

7

8

9

10

11

31.     Millions of customers, as a result of the false and deceptive representations and

12

concealments of Apple and AT&T, purchased the 3G and 3G-S, reasonably expecting to have the

13

ability to send and receive MMS messages.  Apple continues to depict MMS picture messages

14

for the iPhone 3G on its website.

15



16

17

18

19

20

21

22

32.     Even after downloading the new 3.0 Software Update application, MMS still will

23

not work on either the iPhone 3G or 3G-S models.

24

33.     AT&T's iPhone mobile phone messaging service does not support MMS.  On its

25

website, Apple currently represents the following:

26

**Send MMS**

27
*Take a photo or shoot some video, then send it via Messages.  You can also send audio
recordings from Voice Memos, contact information from Contacts, and locations from*

28
*Maps.*

6

1    34.    A Pop-Up window on Apple's website reads:

2    *Sharing Photos and Videos*
     *You can take a photo or make a video (iPhone 3 GS only) from within Messages and*
3    *include it in your conversation with another MMS-capable device.*

4    35.    On its website AT&T currently represents the following:

5    <u>Messages</u>
     *Use messages to send text, photos, audio, video, and more. Forward a*
6    *whole message or just the important parts.*

7    36.    Regardless of whether consumers purchased their iPhone 3G or 3G-S from Apple

8    or AT&T, the purchase of an iPhone requires a two-year contract for service through AT&T.

9    The iPhone cannot be used on any other mobile phone service network in the United States.

10    37.    Regardless of the particular iPhone purchased, the same basic pricing plans exist

11    for all iPhones. For messaging, individual plans through AT&T charge $20 per month for

12    Messaging Unlimited, $15 per month for Messaging 1500, and $5 per month for Messaging 200.

13    Family Plans charge $30 per month (per phone) for Messaging Unlimited.

14    38.    At least 12 other AT&T mobile phones actually do provide MMS as part of the

15    messaging bundles. The AT&T mobile phone network does have the capacity to support MMS

16    services and AT&T provides MMS to non-iPhone customers. However, AT&T does not provide

17    MMS to any iPhone customers despite charging them the same rates for their messaging bundles.

18    39.    For every other AT&T mobile phone, Messaging Unlimited, Messaging 1500, and

19    Messaging 200 are the exact same prices, respectively, as the Messaging Unlimited, Messaging

20    1500, and Messaging 200 charges for iPhone customers. Therefore, AT&T is charging iPhone

21    customers the same price for messaging bundles per month but failing to provide the MMS

22    portion of the messaging service - even though it provides this service to all other AT&T mobile

23    phone customers with MMS-capable telephones.

24    40.    Millions of purchasers of the 3G and the 3G-S iPhone have been deceived by the

25    Defendants as to the iPhone and its MMS capabilities, which in fact does not currently have

26    MMS functionality.

27    41.    Apple and AT&T continue to misrepresent and/or conceal, suppress, or omit

28    material facts to customers in their stores about the MMS functionality of the iPhone 3G and

7

1  3G-S.

2      42.    Plaintiff Philip Sterker purchased his iPhone 3G-S through Apple's Burlingame,

3  California store in July of 2009.

4      43.    When purchasing his iPhone, Plaintiff believed that it would provide MMS

5  features. This belief was based in part on the fact that Defendants' deceptive marketing

6  represented that the iPhone 3G-S would have MMS capabilities.

7      44.    Plaintiff continues to pay for a messaging bundle at the same rate that AT&T

8  charges customers whose wireless plans offer MMS capabilities, despite the fact that Plaintiff's

9  iPhone does not have such MMS capabilities.

10  **CLASS ACTION ALLEGATIONS**

11      45.    This action is brought by Plaintiff Philip Sterker, on his own behalf and on behalf

12  of all other persons similarly situated (hereinafter referred to as the "Class"), pursuant to Fed. R.

13  Civ. P. 23(b)(3), and/or pursuant to Fed. R. Civ. P. 23(b)(2), defined as follows:

14          All consumers residing in the United States who, between July 2008 and
        the date of final judgment or settlement, have purchased a 3G or 3G-S iPhone
15          from either AT&T Mobility L.L.C. or Apple, Inc. primarily for personal, family,
        or household use.

16
    46.    This action is also brought by Plaintiff Philip Sterker, on his own behalf and on
17
behalf of all other persons similarly situated on behalf of a Sub-Class (hereinafter referred to as
18
the "Sub-Class"), pursuant to Fed. R. Civ. P. 23(b)(3), and/or pursuant to Fed. R. Civ. P.
19
23(b)(2), defined as follows:
20
        All consumers residing in the United States who, between July 2008 and
21          the date of final judgment or settlement, have purchased a 3G or 3G-S iPhone
        from either AT&T Mobility L.L.C. or Apple, Inc. primarily for personal, family,
22          or household use and who purchased messaging bundles from AT&T.

23      47.    Plaintiff seeks to prosecute this action, pursuant to Fed. R. Civ. P. 23, as a class

24  representative of a class of all consumers in the United States who purchased an iPhone 3G or

25  3G-S; excluding any Judge conducting proceedings in this action, their parents, spouses and

26  children as well as any other member of the judge's household; counsel of record in this action;

27  and the legal representatives, heirs, successors and assigns of any excluded person.

28      48.    The proposed Class includes millions of United States residents; the proposed

1  Sub-Class includes thousands, if not millions, of United States residents.

2      49.     There are questions of law and fact that are common to the proposed Class, and

3  Sub-Class including, but not limited to, the following:

4          a.  What are the reasonable expectations of iPhone 3G and 3G-S mobile

5              phone purchasers with regard to the availability of MMS messaging

6              functionality and support;

7          b.  Whether the iPhone 3G and 3G-S mobile phones meet the reasonable

8              expectations of purchasers;

9          c.  Whether MMS is a material fact in the purchase of a iPhone 3G and 3G-S

10             mobile phone;

11         d.  Whether MMS is a material part of the messaging bundle monthly charge

12             from AT&T;

13         e.  Whether Defendants' conduct is unlawful, unfair, or fraudulent;

14         f.  Whether Defendants engaged in unfair, deceptive untrue or misleading

15             advertising;

16         g.  Whether Defendants' conduct is unfair, misleading or tends to mislead;

17         h.  Whether Plaintiff was actually deceived;

18         i.  Whether Defendants intended the public to be misled into believing that

19             the iPhone 3G and 3G-S mobile phone had the ability to send and receive

20             MMS messages;

21         j.  Whether Defendants' conduct is in violation of the California Business &

22             Professions Code § 17200;

23         k.  Whether Defendants' conduct is in violation of the California Consumers

24             Legal Remedies Act;

25         l.  Whether Defendants' conduct is in violation of the consumer protection

26             laws of other states;

27

28

9

Complaint; Demand for Jury Trial

1            m. Whether Defendants have been in possession of moneys that may have

2                been obtained as a result of Defendants' violations of Cal. Bus & Prof

3                Code § 17200; and

4            n. Whether Plaintiff and Class Members are entitled to restitution,

5                compensatory or punitive damages as a result of Defendants' conduct.

6      50.     The damages/losses sustained by Plaintiff or individual Class members are

7  relatively small when compared to the expense of litigating the legal and factual issues raised by

8  this lawsuit. As a result, unless this case proceeds as a class action, Plaintiff and Class members

9  will, as a practical matter, be unable to pursue their individual claims. Thus, certification of this

10  case as a class action is the only fair and efficient method for the adjudication of this controversy.

11      51.     The prosecution of separate actions by individual members of the Class would

12  create a risk of:

13            a. Inconsistent or varying adjudications with respect to individual members of the

14                Class; and

15            b. Adjudication with respect to individual members of the Class which would, as a

16                practical matter, be dispositive of the interests of other members not parties to the

17                adjudication or substantially impair or impede their ability to protect their interest.

18      52.     Plaintiff and his counsel do not envision any unusual difficulty in the management

19  of this action as a class action.

20      53.     The common questions set forth above predominate over any issues affecting only

21  individual Class members.

22      54.     Plaintiff's claims are typical of the claims of the members of the Class and Sub-

23  Class, as all such claims arise from the purchase of the iPhone 3G or 3G-S, and Plaintiff

24  purchased a messaging bundle from AT&T.

25      55.     Class treatment is a superior method for the fair and efficient adjudication of the

26  controversy in that such treatment will permit a large number of similarly situated persons to

27  efficiently prosecute their common claims without the duplication of evidence, effort and

28  expense that would arise from individual actions.

Complaint; Demand for Jury Trial

1        56.     Plaintiff will fairly and adequately represent the interests of the members of the

2 Class and Sub-Class. Plaintiff's interests are the same as, and not in conflict with, the other

3 members of the proposed Class and Sub-Class. Plaintiff's counsel is experienced in handling

4 class actions and complex litigation.

5                             **COUNT I**

COMES NOW Plaintiff Philip Sterker, by and through his undersigned counsel, on behalf

6

of himself and all others similarly situated, and for Count I of his Complaint against Defendants

7

Apple, Inc. and AT&T Mobility, LLC, states as follows:

8

       57.     Plaintiff incorporates paragraphs 1 through 56 by reference, as though fully set

9

forth herein.

10

       58.     This count is brought pursuant to the California Consumers Legal Remedies Act,

11

Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), and similar consumer protection laws, by Plaintiff

12

Philip Sterker on his own behalf and on behalf of the Class and Sub-Class against Apple and

13

AT&T.

14

       59.     The CLRA and similar state consumer protection laws govern Defendants'

15

conduct.

16

       60.     California Civil Code section 1761 provides in relevant part:

17

       *(a) "Goods" means tangible chattels brought or leased for use primarily for personal,*

18        *family or household purposes ...*

19        *(c) "Person" means an individual, partnership, corporation, limited liability company,*
       *association, or other group, however organized.*

20

       *(d) "Consumer" means an individual who seeks or acquires, by purchase or lease, any*

21        *goods or services for personal, family or household services.*

22 Cal. Civ. Code § 1761.

23        61.     At all relevant times both Apple and AT&T were "persons" as that term is defined

24 in California Civil Code § 1761(c).

25        62.     At all relevant times, Plaintiff and Class members were "consumers" as defined in

26 California Civil Code § 1761(d), since Plaintiff and Class members purchased the Apple iPhone

27 3G and/or 3G-S primarily for personal, family or household purposes.

28        63.     Defendants' iPhone 3G and/or 3G-S mobile phones are "goods" within the

11

Complaint; Demand for Jury Trial

1    meaning of California Civil Code § 1761(a).

2       64.     The CLRA provides in pertinent part:

3      *The following ... unfair or deceptive acts or practices undertaken by any person in a*
     *transaction intended to result or which results in the sale or lease of goods or services to*

4      *any consumer are unlawful: ... (5) Representing that goods or services have ...*
     *characteristics, ... uses, (or) benefits, ... which they do not have .... ...(7) Representing*

5      *that goods or services are of a particular standard, quality, or grade, ... if they are of*
     *another. ...(9) Advertising goods or services with intent not to sell them as advertised. ...*

6      *(16) Representing that the subject of a transaction has been supplied in accordance with*
     *a previous representation when it has not.*

7

8    Cal. Civ. Code § 1770.

9       65.     Defendants, by and through their employees and/or agents, intended to induce

10    Plaintiff and Class members to purchase their iPhone 3G and 3G-S mobile phones and messaging

11    service bundles through the unfair and/or deceptive acts or practices described herein.

12       66.     The acts or practices that were deceptive, misrepresented, concealed, suppressed

13    or omitted were material to Plaintiff's, Class members' and Sub-Class members' decisions to

14    purchase iPhone 3G and 3G-S mobile phones and messaging bundles.

15       67.     The facts that were deceptive, misrepresented, concealed or suppressed, as alleged

16    in the preceding paragraph, occurred in connection with Defendants' conduct of trade and

17    commerce.

18       68.     Defendants' unfair and/or deceptive acts and/or practices violate the CLRA.

19       69.     Plaintiff and members of the Class and Sub-Class request that this Court enjoin

20    Defendants from continuing to employ the unlawful methods, acts and practices alleged above,

21    pursuant to Cal. Civ. Code § 1780(a)(2). Unless Defendants are permanently enjoined from

22    continuing to engage in such violations of the CLRA, consumers of Defendants' products will be

23    damaged by Defendants' acts and practices in the same way as have Plaintiff and members of the

24    Class.

25       70.     Plaintiff does not at present seek damages under this cause of action but intends to

26    file an amended complaint in due course under Civil Code § 1782(d), also seeking damages,

27    restitution and punitive damages under Civil Code § 1780(a)(1), (3) and (4).

      71.     By the conduct alleged above, Defendants have engaged in a scheme to cheat a

28

1 large number of consumers out of individually small sums of money.

2     72.     If the Court determines that California law should not be applied to Defendants

3 Apple and/or AT&T with respect to all Class members and Sub-Class members in this case, this

4 count is alternatively brought pursuant to California law for the portion of the Class and Sub-

5 Class and/or with respect to particular defendants for which this Court determines California law

6 is applicable and the concomitant consumer protection laws of other states for the remainder of

7 the Class and Sub-Class and/or claims against particular defendants.

8 **COUNT II**

9     COMES NOW Plaintiff Philip Sterker, by and through his undersigned counsel, on behalf

10 of himself and all others similarly situated, and for Count II of his Complaint against Defendants,

11 states as follows:

12     73.     Plaintiff incorporates paragraphs 1 through 71 by reference, as though fully set

13 forth herein.

14     74.     This count is brought pursuant to California Business and Professions Code §

15 17200, or similar state consumer protection laws, by Plaintiff Philip Sterker, on his own behalf

16 and on behalf all others similarly situated against Defendants.

17     75.     California Business & Professions Code § 17200 provides that: "*unfair*

18 *competition shall mean and include any unlawful, unfair or fraudulent business act or practice*

19 *and unfair, deceptive, untrue or misleading advertising and any act prohibited by [Section*

20 *17500]*."

21     76.     California Business & Professions Code § 17500 provides in relevant part:

22     *It is unlawful for any person, firm, corporation or association, or any employee thereof*
    *with intent directly or indirectly to dispose of real or personal property or to perform*
23     *services, professional or otherwise, or anything of any nature whatsoever or to induce*
    *the public to enter into any obligation relating thereto, to make or disseminate or cause*
24     *to be made or disseminated before the public in this state, or to make or disseminate or*
    *cause to be made or disseminated from this state before the public in any state, in any*
25     *newspaper or other publication, or any advertising device, or by public outcry or*
    *proclamation, or in any other manner or means whatever, including over the Internet,*
26     *any statement, concerning that real or personal property or those services, professional*
    *or otherwise, or concerning any circumstance or matter of fact connected with the*
27     *proposed performance or disposition thereof, which is untrue or misleading, and which is*
    *known, or which by the exercise of reasonable care should be known, to be untrue or*
28     *misleading, or for any person, firm, or corporation to so make or disseminate or cause to*

13

*be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised.*

77. In the marketing of their iPhone 3G and 3G-S mobile phones and associated messaging bundle service agreements, Defendants have engaged in unfair competition as defined in California Business & Professions Code § 17200, through the practices enumerated in this Complaint.

78. Plaintiff Philip Sterker relied on representations made in Defendants' campaign of untrue and/or misleading marketing when choosing to purchase an iPhone 3G-S.

79. California Business & Professions Code § 17204 provides for a private cause of action in stating that *"[a]ctions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction. . . by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."*

80. Plaintiff Philip Sterker has suffered injury in fact and has lost money or property as a result of Defendants' unfair competition. Plaintiff purchased the iPhone 3G-S under the impression that it could be used for MMS. Plaintiff continues to pay AT&T for a text messaging bundle at the same rate as bundles that include MMS, despite the fact that his iPhone 3G-S will not permit MMS.

81. California Business & Professions Code § 17203 provides the court with available remedies in stating that *"[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments...as may be necessary to restore to any person in interest any money or property ... which may have been acquired by means of such unfair competition."*

82. The unlawful, unfair, and fraudulent business practices of Defendants described above present a continuing threat to members of the public in that Defendants continue to engage in the conduct described herein.

83. Defendants have wrongfully retained moneys belonging to Plaintiff and Class members that it may have acquired by means of unlawful, unfair or fraudulent business acts or practices and/or unfair, deceptive, untrue, or misleading advertising.

14

Complaint; Demand for Jury Trial

1    84.    By the conduct alleged above, Defendants have engaged in a scheme to cheat a

2  large number of consumers out of individually small sums of money.

3    85.    If the Court determines that California law should not be applied to Defendants

4  Apple and/or AT&T with respect to all Class members and Sub-Class members in this case, this

5  count is alternatively brought pursuant to California law for the portion of the Class and Sub-

6  Class and/or with respect to particular defendants for which this Court determines California law

7  is applicable and the concomitant consumer protection laws of other states for the remainder of

8  the Class and Sub-Class and/or claims against particular defendants.

9    **WHEREFORE**, Plaintiff prays:

10    1.    That this matter be certified as a class action with the Class and Sub-Classes

11  defined as set forth above, that Plaintiff be appointed Class and Sub-Class Representative, and

12  his attorneys be appointed Class Counsel;

13    2.    That judgment be entered against Defendants for restitution and disgorgement in

14  an amount to be proven at trial; and

15    3.    For injunctive relief, other equitable relief, or other relief that the Court may deem

16  just and proper, including pre- and post-judgment interest.

17  DATED: September 14, 2009                    Respectfully Submitted,

18                                                STRANGE & CARPENTER

19                                                By: _____

20                                                    Brian R. Strange
                                                      Gretchen Carpenter
21                                                    Attorneys for Plaintiff

22

23

24

25

26

27

28

---

15

1                     **DEMAND FOR JURY TRIAL**

2         Plaintiff hereby demands a trial by jury.

3   DATED: September 14, 2009

4                                   Respectfully Submitted,

5                                   STRANGE & CARPENTER

6

7                                 By: _____<br>                                Brian R. Strange

8                                   Gretchen Carpenter<br>                                Attorneys for Plaintiff

16<br>Complaint; Demand for Jury Trial